# In the United States Court of Federal Claims

No. 19-1131C

(Filed: March 10, 2020)

**(NOT TO BE PUBLISHED)**

|  |  |
|---|---|
| **ROMAN COLTER,** | ) |
| *Plaintiff,* | ) ) ) ) |
| **v.** | ) ) |
| **THE UNITED STATES,** | ) ) |
| *Defendant.* | ) ) ) ) |

## OPINION AND ORDER

On August 5, 2019, Plaintiff, Mr. Roman Colter, filed a complaint with this Court. The handwritten complaint is difficult to decipher. As far as the Court can discern, however, Mr. Colter's complaint alleges that various state and federal court judges have shown bias towards him in a previous, unsuccessful case and subsequent appeal, both of which were found to have been frivolous.[1] Mr. Colter now seeks to sue at least one judge in her personal capacity.

On October 4, 2019, the government filed a motion to dismiss pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC"). Mr. Colter filed a motion to stay on October 17, 2019, which this Court denied on October 31, 2019. Mr. Colter otherwise has not responded to the government's motion to dismiss.

For the reasons explained below, the government's motion is **GRANTED**, and Mr. Colter's complaint is **DISMISSED**.

---

[1] The origin of Mr. Colter's claims against various judicial officers stems from an initial dispute with an automobile dealer, which the United States District Court for the District of Arizona dismissed with prejudice. *See Colter v. Homberg*, No. CV-17-00487-TUC-RM, 2017 WL 6886184 (D. Ariz. Oct. 19, 2017) (dismissing as frivolous and with prejudice), *appeal dismissed*, No. 17-17264 (9th Cir. 2018). Mr. Colter's related matters – based upon the same facts alleged in this case – include the following: *Colter v. Marquez*, No. 18-17062, Order at Dkt. 33 (9th Cir. May 29, 2018) (dismissing appeal as frivolous); *Colter v. Marquez*, No. CV-18-02599-PHX-JJT 2018 WL 9735632 (D. Ariz. Oct. 24, 2018) (denying motion for reconsideration); *Colter v. Marquez*, 2018 WL 9735631 (D. Ariz. Sep. 4, 2018) (dismissing with prejudice).

The Court has a duty to ensure that it has jurisdiction over any claim presented. *See, e.g., St. Bernard Parish Gov't v. United States*, 916 F.3d 987, 992-93 (Fed. Cir. 2019). This means that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." RCFC 12(h)(3). In that regard, the United States government cannot be sued without its consent (*i.e.*, in the absence of a waiver of sovereign immunity). *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Accordingly, "except as Congress has consented to a cause of action against the United States, 'there is no jurisdiction in the Court of [Federal] Claims more than in any other court to entertain suits against the United States.'" *United States v. Testan*, 424 U.S. 392, 400 (1976) (quoting *United States v. Sherwood*, 312 U.S. 584, 587-588 (1941)).

Generally, "the jurisdiction of the Court of Federal Claims is defined by the Tucker Act, which gives the court authority to render judgment on certain monetary claims against the United States." *RadioShack Corp. v. United States*, 566 F.3d 1358, 1360 (Fed. Cir. 2009). The bounds of the Court's jurisdiction under the Tucker Act are defined in 28 U.S.C. § 1491, which provides:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1).

In addition to providing this Court with jurisdiction, the Tucker Act waives the sovereign immunity of the United States "[f]or actions pursuant to contracts with the United States, actions to recover illegal exactions of money by the United States, and actions brought pursuant to money-mandating statutes, regulations, executive orders, or constitutional provisions[.]" *Roth v. United States*, 378 F.3d 1371, 1384 (Fed. Cir. 2004); *see Navajo Nation*, 556 U.S. at 289-90. The Tucker Act, however, "does not create a substantive cause of action[.]" *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005). Moreover, "[n]ot every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act." *United States v. Mitchell*, 463 U.S. 206, 216 (1983). In particular, for a money-mandating claim, "a plaintiff must identify a separate source of substantive law that creates the right to money damages" in order to "come within the jurisdictional reach and the waiver of the Tucker Act[.]" *Id.* A money-mandating provision of a law is one that "can fairly be interpreted as mandating compensation by the Federal Government" to the plaintiff. *Testan*, 424 U.S. at 400.

While *pro se* pleadings are entitled to receive a more liberal construction than the Court would give to pleadings prepared by counsel, *see Haines v. Kerner*, 404 U.S. 519 (1972), that does not relieve a *pro se* plaintiff from the responsibility of satisfying this Court's jurisdictional requirements. *See Kelly v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988); *Hale v. United States*, 143 Fed. Cl. 180, 184 (2019).

2

Taking into consideration Mr. Colter's *pro se* status by broadly construing his arguments – and assuming that all of his allegations are true, as the Court must at this stage – this Court nevertheless finds that none of Mr. Colter's claims fall within our jurisdiction. Mr. Colter's complaint fails to establish this Court's "jurisdiction to entertain the suit" for at least four reasons. *Georgetown Steel Corp. v. United States*, 801 F.2d 1308, 1312 (Fed. Cir. 1986).

First, Mr. Colter appears to invoke Article III of the United States Constitution as a basis for his claim for relief against individual members of the judiciary. *See* Compl. at 1. For a statutory or constitutional provision to serve as a basis of a claim within this Court, the provision, as noted above, must be money-mandating or support a claim for an illegal exaction. *See Testan*, 424 U.S. at 398 (1976); *Norman v. United States*, 429 F.3d 1081, 1095 (Fed. Cir. 2005); *Contreras v. United States*, 64 Fed. Cl. 583, 588 (2005). Mr. Colter alleges no facts that invoke any money-mandating provision of Article III. Instead, he simply alleges unspecified violations of Article III. Compl. at 1. But, with a possible narrow exception (related to judicial officers' salaries), Article III generally has not been held to be a "money mandating" provision of law. *See, e.g., Lord Noble Kato Bakari El v. United States*, 127 Fed. Cl. 700, 705 (holding that "there is nothing in Article III indicating that it is money-mandating[ ]"); *Kurt v. United States*, 103 Fed. Cl. 384, 387 (2012) ("[Article III] does not provide this court with jurisdiction" because it "does not mandate the payment of money damages in the event of its violation[ ]; *but see Rosenberg v. United States*, 72 Fed. Cl. 387, 395 (2006), *aff'd*, 223 F. App'x 985 (Fed. Cir. 2007) (noting that the "Judges' Compensation Clause [of Article III has been] held by the United States Court of Appeals for the Federal Circuit to be money-mandating, in part[ ]"); *Fry v. United States*, 72 Fed. Cl. 500, 507 (2006) (quoting *Cyprus Amax Coal Co. v. United States*, 205 F.3d 1369, 1374–75 (Fed. Cir. 2000) (holding that "[the Compensation Clause of Article III] speak[s] in absolute and unconditional terms" and "protect[s] pecuniary interests")).[2] Article III is certainly not money-mandating as to Mr. Colter. As such, Article III does not permit this Court to exercise subject-matter jurisdiction over Mr. Colter's complaint.

Second, Mr. Colter cites various California state laws as the basis for this action. Compl. at 1. These, too, are insufficient under the Tucker Act because causes of action rooted in state law do not trigger this Court's jurisdiction. *See Ealy v. United States*, 120 Fed. Cl. 801, 805-06 (2015) (noting that "causes of action based on the Ohio Constitution or the state laws of Massachusetts and Ohio are also not within this Court's jurisdiction[ ]"). Accordingly, the Court lacks subject-matter jurisdiction over Mr. Colter's complaint.

Third, Mr. Colter's complaint is not "against the United States." 28 U.S.C. § 1491(a). As noted above, this Court only has jurisdiction over claims against the United States. *See* RCFC 10(a). Here, Mr. Colter named a federal district court judge as the defendant. Compl. at 1. The government in its responsive filing, pursuant to RCFC 4(a) and 10(a), changed the caption and inserted the United States as the proper party defendant. Regardless, Mr. Colter's complaint appears to claim damages not from the United States, but rather from a specific judge

---

[2] *See also United States v. Hatter*, 532 U.S. 557, 560–61 (2001) (discussing the guarantee that federal judges will not have their compensation diminished while in office under Article III §1); *United States v. Will*, 449 U.S. 200, 226-29 (1980) (concluding that a statute repealing a salary increase for federal judges which was already in force diminished their compensation in violation of Article III's Compensation Clause).

in her individual capacity. Such claims, however, are not properly within this Court's jurisdiction. *Shalhoub v. United States*, 75 Fed. Cl. 584, 585 (2007) ("When a plaintiff's complaint names private parties, or state agencies, rather than federal agencies, this court has no jurisdiction to hear those allegations."). For this additional reason, the Court lacks subject-matter jurisdiction over Mr. Colter's complaint.

Fourth, to the extent that Mr. Colter asks this Court to review the decisions or actions of the United States Court of Appeals for the Ninth Circuit or the United States District Court for the District of Arizona, this court does not have jurisdiction to do so. *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir.1994) (noting that "the Court of Federal Claims does not have jurisdiction to review the decisions of district courts or the clerks of district courts relating to proceedings before those courts"); *Mora v. United States*, 118 Fed. Cl. 713, 716 (2014) ("[T]his court does not have jurisdiction to review the decisions of state courts, federal bankruptcy courts, federal district courts, or federal circuit courts of appeals."). For this further reason, the Court lacks subject-matter jurisdiction here.

Finally, and apart from the jurisdictional defects already discussed, the doctrine of *res judicata* – in this case, specifically, issue preclusion[3] – also bars consideration of the issues Mr. Colter's complaint presents here. "Issue preclusion generally refers to the effect of a prior judgment in foreclosing successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, whether or not the issue arises on the same or a different claim." *New Hampshire v. Maine*, 532 U.S. 742, 748–749 (2001) (citing RESTATEMENT (SECOND) OF JUDGMENTS §§ 17, 27, pp. 148, 250 (1980)). To determine whether to apply issue preclusion (also known as collateral estoppel), the Court considers four factors: whether "(1) the issues are identical to those in a prior proceeding, (2) the issues were actually litigated, (3) the determination of the issues was necessary to the resulting judgment, and (4) the party defending against preclusion had a full and fair opportunity to litigate the issues." *Banner v. United States*, 238 F.3d 1348, 1354 (Fed. Cir. 2001).

The Court finds that all four factors are satisfied here. Mr. Colter previously attempted to sue the judge named, in this new complaint, in a prior action in the United States District Court for the District of Arizona. In the prior case, the district court dismissed Mr. Colter's complaint on immunity grounds, and denied a subsequent motion for reconsideration. *See Colter v. Marquez*, 2018 WL 9735632, at *1 (D. Ariz. Oct. 24, 2018). The Ninth Circuit dismissed Mr. Colter's subsequent appeal as "frivolous." *Colter v. Marquez*, No. 18-17062, Order at Dkt. 33 (9th Cir. May 29, 2018). The issue of the judge's liability thus was actually litigated and necessary to the prior dismissal of Mr. Colter's case, and he has had ample opportunity to litigate his grievances.

---

[3] The term *res judicata* is often used to denote both claim and issue preclusion. *See, e.g., Sharp Kabushiki Kaisha v. ThinkSharp, Inc.*, 448 F.3d 1368, 1370 (Fed. Cir. 2006).

Accordingly, even if this Court had jurisdiction over the issues that Mr. Colter presented in his complaint – and this Court does not – they would be barred by the doctrine of *res judicata*. Although the government did not raise *res judicata* in its motion to dismiss, this Court may nevertheless do so on its own.[4]

Mr. Colter previously has filed a substantially identical lawsuit alleging the same facts as those in the present action. The time spent by this Court only compounds the needless expenditure of judicial resources by other federal courts in addressing Mr. Colter's claims. Moreover, this Court has a strong institutional interest in ensuring that plaintiffs who already have had their day to "fully and fairly" litigate their issues and claims in other courts, do not mistakenly believe that the Court of Federal Claims will permit yet another bite at the apple. *See, e.g., Pacetti v. United States*, 50 Fed. Cl. 239, 246 (2001) (citing *Boone v. Kurtz*, 617 F.2d 435, 436 (5th Cir.1980), for the proposition that a dismissal by the court *sua sponte* on *res judicata* grounds is proper if it would be unnecessary and duplicative for the court to reexamine the issue); *Chandler v. United States*, 31 Fed. Cl. 106, 111 (1994) (highlighting the need for this Court to raise *res judicata sua sponte* to prevent "squander[ing] the resources of the court or defendant with frivolous litigation"). Because Mr. Colter's complaint before this court raises substantially the same issues as his previous, unsuccessful suit before the district court, the doctrine of *res judicata* further precludes Mr. Colter from pursuing his case here.

---

[4] Ordinarily, *res judicata* is raised via motion to dismiss for failure to state a claim pursuant to RCFC 12(b)(6). *See Palafox Street Assoc., L.P. v. United States*, 114 Fed. Cl. 773, 780 (2014) (citing *Chisolm v. United States*, 82 Fed. Cl. 185, 193 (2008), *aff'd*, 298 Fed. Appx. 957 (Fed. Cir. 2008) (noting that because "claim preclusion rests on a final judgment on the merits, it can quite properly and naturally be raised via a merits-based RCFC 12(b)(6) motion[ ]")). Nevertheless, in "special circumstances," a court may raise the issue of *res judicata*, on its own. *See Herrera v. Wyoming*, 139 S. Ct. 1686, 1701 n.5 (2019) (citing *Arizona v. California*, 530 U.S. 392, 412 (2000)); *see also Reed Elsevier, Inc. v. Muchnick*, 556 U.S. 154, 171 (2010) (suggesting that, at times, courts "should enforce [*res judicata*] *sua sponte*"). Such "special circumstances" include the need to apply *res judicata* so as to avoid "unnecessary judicial waste." *XY, LLC v. Trans Ova Genetics*, 890 F.3d 1282, 1295 (Fed. Cir. 2018) (citing *Arizona*, 530 U.S. at 412); *see also United States v. Mitchell*, 518 F.3d 740, 750 (10th Cir. 2008) (interpreting the "special circumstances" under *Arizona* to include "when the issue implicates the court's power to protect its own important institutional interests" such as "judicial administration by minimizing uncertainty and waste of judicial resources caused by undue delay"). The Court finds that such "special circumstances" exist here.

For the foregoing reasons, defendant's motion to dismiss Mr. Colter's claim for lack of jurisdiction is **GRANTED**.  The Court also **DISMISSES** this matter as barred by the doctrine of *res judicata* pursuant to RCFC 12(b)(6).[5]  The Clerk is directed to enter judgment accordingly.

It is so **ORDERED.**

**Matthew H. Solomson**
**Judge**

---

[5] To the extent that Mr. Colter's complaint advances any alternate grounds, such contentions are indecipherable.  Even for a *pro se* litigant, this Court cannot "create a claim which [the plaintiff] has not spelled out in his pleading[.]"  *Scogin v. United States*, 33 Fed. Cl. 285, 293 (1995) (quotation omitted).